Daniel, Judge.
 

 — The judge charged the jury, first, that unless the evidence satisfied them, that the man charged to have been killed by the plaintiff, was alive, they ought to find for the plaintiff; secondly, that if they believed the man to be alive, yet if the charge was made under such circumstances as afforded a well-grounded belief that he was dead, and that the by-standers did not know that he was alive, still they ought to find for the plaintiff.
 

 We think that the plaintiff has no right to complain of the charge. If the jury found their verdict contrary to the evidence, and the judge refused to grant a new trial, this court has no jurisdiction to interfere on that ground. In
 
 Talbot
 
 v.
 
 Case,
 
 (Cro. Eliz. 823,) it was said, that the death of the person alleged to have been murdered, would be intended, unless the contrary appeared. Mr. Starkie, in his Treatise on Slander (page 71) says, it cannot fairly be inferred that the plaintiff is in all cases precluded from recovering, although the person alleged to have been murdered, should be still alive, since the plaintiff’s life may have been placed in jeopardy in consequence of the injurious report, though in fact, at the time of pleading, or upon the trial, the defendant may be able to prove the person alleged to have been murdered, to be still living. The words, if actionable without special damage, must be so immediately when spoken; and their actionable quality must then depend upon the fact whether the hearers were aware that the person alleged to be murdered, was really alive; if they did not know the fact, then all the consequences (the probability of which renders a charge of murder in any case actionable) may follow; since, unfortunately, several melancholy instances may be cited,
 
 *10
 
 wbere an accused person has suffered for the supposed murder of one who survived him. The foregoing reason-^nS appears to us to be sound; and the plaintiff had the benefit of it. We see no error in the charge, and therefore must affirm the judgment.
 

 Per Cukiam. Judgment affirmed.